IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MAUREEN BAIR and ROBERT BAIR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-4243-CV-C-NKL |
| ) | |
| ATLANTIS LLC, MARK KELLY, and ) | |
| KERNENE SHICKLER, ) | |
| ) | |
| Defendants. ) | |

O R D E R

Plaintiffs Robert and Maureen Bair have sued Defendants Atlantis, LLC, Mark Kelly ("Kelly"), and Kernene Shickler ("Shickler") in connection with the sale of a condominium in the Atlantis Island development in Miller County, Missouri. Plaintiffs' First Amended Complaint includes a claim under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701–1720, as amended (the "Act" or "ILSFDA") in addition to several claims arising under Missouri law. Defendants have counterclaimed for breach of contract and fraud. Pending before the Court are Kelly's Shickler's Motion to Dismiss Defendants Mark Kelly and Kernene Shickler for Improper Joinder [Doc. # 60], and their Motion to Strike Suggestions in Opposition to Motion [Doc. # 67]. For the reasons stated herein, the Court denies both motions.

**I. Discussion**

Kelly and Shickler move to dismiss all counts against themselves pursuant to Federal Rules of Civil Procedure 20 and 21, on the grounds that Plaintiffs improperly joined them as defendants in this action. They claim that there is no relationship between themselves and Defendant Atlantis LLC, and that Plaintiffs' allegations against them are "patently false." Rule 21 is not grounds for

1

dismissal of an action. *See* Fed. R. Civ. P. 21; *Carter v. Schafer*, 273 Fed. Appx. 581, No. 07-2695, 2008 WL 1744755, *1 (8th Cir. Apr. 17, 2008). Kelly and Shickler were free to move for summary judgment on Plaintiffs' claims against them if they wished to do so; this Court will not dismiss Plaintiffs' claims against them under Rule 21 based on their claim that Plaintiffs' allegations are untrue.

Furthermore, Plaintiffs' Complaint meets the requirements of Rule 20. It is clear from the face of the Amended Complaint that Plaintiffs' allegations all stem from a single event - the sale of a condominium unit. Further, nearly all of the allegations in the Amended Complaint are made against "Defendants" collectively. Plaintiffs' allegations clearly are sufficient to meet Rule 20's requirements that plaintiffs assert a "right to relief [against defendants] . . . jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence" and that a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiffs' claims against Kelly and Shickler are nearly identical to Plaintiffs' claims against Atlantis, LLC. The Court will not dismiss Kelly and Shickler from this case.

Because the Court denies Defendants' motion to dismiss on the above grounds, it is unnecessary to consider Plaintiffs' factual arguments in opposition to Defendants' motion, including the affidavit of Plaintiffs' counsel that is the subject of Defendants' motion to strike. Therefore, the Court will deny Defendants' motion to strike as moot.

2

## II. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss Defendants Mark Kelly and Kernene Shickler for Improper Joinder [Doc. # 60] is DENIED. It is further

ORDERED that Defendants' Motion to Strike Suggestions in Opposition to Motion [Doc. # 67] is DENIED as moot.

s/ NANETTE K. LAUGHREY<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: December 16, 2008
Jefferson City, Missouri